IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Civil Action No.:

MIDWESTERN HIGHER EDUCATION
COMPACT as subrogee of Northwest
Kansas Technical College and NORTHWEST
KANSAS TECHNICAL COLLEGE

    Plaintiffs

v.

DJI TECHNOLOGY, INC.; DJI
SERVICE, LLC; SZ DJI TECHNOLOGY
CO., LTD; and SZ DJI RONIN
TECHNOLOGY CO., LTD.

    Defendants

---

## **COMPLAINT AND JURY DEMAND**

---

COME NOW the Plaintiffs, Midwestern Higher Education Compact, as subrogee of Northwest Kansas Technical College, and Northwest Kansas Technical College, by and through their undersigned counsel, and for their Complaint and Jury Demand against Defendants. allege and state as follows:

### **PARTIES**

1. Plaintiff Midwestern Higher Education Compact ("MHEC") is a Minnesota not for profit corporation formed by a consortium of universities, with its principal place of business in Minnesota.

2. Plaintiff Northwest Kansas Technical College ("NKTC") is a Kansas not for profit corporation.

3. Defendant DJI Technology, Inc. is a California corporation with its principal place of business located at 201 S. Victory Boulevard, Burbank, California 91502.

4. Defendant DJI Service, LLC is a California corporation with its principal place of business located at 17301 Edwards Rd., Cerritos, California 90703.

5. Defendant SZ DJI Technology Co., Ltd. is a Chinese corporation, with a principal place of business located at 14th Floor, West Wing, Skyworth Semiconductor Design Buildings, No. 18 Gaoxin South 4th Ave, Nanshan District, Shenzhen, China 518057.

6. Defendant SZ DJI Ronin Technology Co., Ltd. is a Chinese corporation with a principal place of business located at 4-45F, Building 13, Area 7 Baixangxin Industrial Zone, Songbai Rd., Xili St. Nanshan District, Shenzhen, Guangdong, China 518000.

7. Defendants DJI Technology, Inc.; DJI Service, LLC; SZ DJI Technology Co., Ltd. and SZ DJI Ronin Technology Co., Ltd. are related entities and are hereinafter referred to collectively as "DJI" or "Defendant".

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332 because Plaintiffs are of diverse citizenship from Defendants and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this lawsuit took place in this District.

## FACTS

10. At all times relevant herein, NKTC owned a building located at 1209 Harrison Ave., Goodland, Kansas, on its college campus (i.e. the "Building").

11. At all times relevant herein, DJI designed, manufactured, sold, distributed and advertised remote controlled drones, including chargeable batteries and chargers.

12. On December 2, 2015, NKTC purchased a drone from the DJI website, specifically, a "Phantom 3 Advanced with Extra Battery and Hardshell Backpack" for $1,259.

13. DJI shipped the drone to NKTC in the State of Kansas.

14. On October 14, 2018 the lithium ion battery provided with the drone by DJI was charging, using the DJI provided charger, in the Building, when the battery exploded, causing a fire, smoke and other damages to the Building and its contents (the "Incident").

15. Damages from the Incident are still being calculated, but are presently estimated in excess of $220,000.

16. NKTC obtained risk protection on the Building through MHEC, a not for profit risk/insurance pool providing risk protection for various universities and colleges in the Midwestern United States.

17. Pursuant to its agreement with NKTC, MHEC issued payments to or on behalf of NKTC in an amount in excess of $75,000 and may issue additional payments as final damages are calculated.

18. MHEC has become subrogated to NKTC's rights against Defendants to the extent of its payments.

19. NKTC also incurred a deductible a result of the Incident.

### COUNT I – STRICT PRODUCTS LIABILITY
**(Against all defendants)**

20. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs as if fully stated herein.

21. At all times relevant herein, DJI designed, manufactured, assembled, sold, supplied, advertised, and/or distributed drones, drone batteries and drone battery chargers, such as and including those that are the subject of this action.

22.     The drone battery and charger provided by DJI were not modified by NKTC or any other parties prior to the Incident.

23.     At the time the drone battery and charger left the possession of DJI, the products contained one or more defects which rendered the products unreasonably dangerous.

24.     The drone battery and charger contained defects in design, manufacture and/or warnings/instructions, including but not limited to:

    a.  The battery and charger did not have overcharge protection to prevent the battery from overcharging leading to overheating and eventual failure;

    b.  The battery failed and exploded under expected and normal use;

    c.  The instructions/manual did not provide proper instructions regarding the safe use of the battery and charger;

    d.  The battery and charger were not designed and manufactured to prevent catastrophic failure under expected and normal use;

    e.  DJI failed to warn, post-manufacture and sale, when it knew or should have known that the product(s) was dangerous and/or defective;

    f.  Other defects which become known during the course of discovery.

25.     As a direct and proximate result of the defective nature of the drone battery/charger, the battery exploded, causing the damages as outlined above.

26.     DJI is strictly liable for the damages caused by its defective products.

### COUNT II – NEGLIGENCE AND/OR GROSS NEGLIGENCE
**(Against all defendants)**

27.     Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs as if fully stated herein.

28. At all times relevant herein, DJI designed, manufactured, assembled, sold, supplied, advertised, and/or distributed drones, drone batteries and drone battery chargers, such as and including those that are the subject of this action.

29. DJI owed a duty to its customers to use reasonable care in the design, manufacture, advertisement and sale of its products.

30. DJI owed a duty to its customers to provided adequate instructions and warnings regarding the use of its products.

31. DJI breached these duties, through the following acts and/or omissions, constituting negligence and/or gross negligence, including but not limited to:

   a. Designing, manufacturing and distributing the battery and charger without overcharge protection to prevent the battery from overcharging leading to overheating and eventual failure;

   b. Representing that the battery had overcharge protection when the battery did not in fact have overcharge protection;

   c. Designing, manufacturing and distributing the battery and charger in a manner that caused the battery to fail and explode under expected and normal use;

   d. Failing to provide adequate instructions and warnings regarding the proper use of the battery and charger;

   e. Failing to properly design, manufacture and distribute the battery and charger to prevent catastrophic failure under expected and normal use;

   f. Failing to use reasonable care in the design, manufacture and distribution of the battery and charger;

  g. Failing to use reasonable care in providing instructions and warnings with respect to the battery and charger;

  h. Failing to warn, post-manufacture and sale, when it knew or should have known that the product(s) was dangerous and/or defective; and

  i. Other acts and/or omissions which become known during the course of discovery.

32. As a direct and proximate result of DJI's negligence and/or gross negligence, the Incident occurred, causing the damages as outlined above.

## COUNT III – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES
### (Against all defendants)

33. Plaintiffs hereby re-allege and incorporate by reference all preceding paragraphs as if fully stated herein.

34. At all times herein, DJI designed, manufactured and distributed drones, drone batteries and drone battery chargers, such as the ones purchased by NKTC.

35. DJI warranted, either expressly or impliedly, that the drone battery and charger were not defective in any way and that they were manufactured in a safe and workmanlike manner, in accordance with any applicable standards of care and industry standards for manufacturers, such that the reasonable and anticipated use of the battery/charger would not result in damage to property.

36. DJI expressly and/or impliedly warranted that the battery and charger would be fit for their particular purposes.

37. DJI expressly and/or impliedly warranted that the battery and charger would be merchantable.

38. DJI breached its express and/or implied warranties because:

   a. The battery and charger did not have overcharge protection to prevent the battery from overcharging leading to overheating and eventual failure;

   b. The battery failed and exploded under expected and normal use;

   c. The instructions/manual did not provide proper instructions for safely charging the battery;

   d. The battery and charger were not designed and manufactured to prevent catastrophic failure under expected and normal use;

   e. Other defects which become known during the course of discovery.

39. As a direct and proximate result of DJI's breach of express and/or implied warranties, the Incident occurred, causing the damages as outlined above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request this Court award them a judgment against Defendants in an amount to be proven at trial, in excess of $75,000, together with costs, attorneys' fees, expenses, pre- and post-judgment interest and any other relief this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for any and all issues triable by jury.

    Respectfully submitted,

    Powell Law Office

    */s/ Marc A. Powell*
    Marc A. Powell
    Attorneys for Plaintiffs
    727 N. Waco Ave., Ste. 585

                                                          Wichita, KS 67203
                                                          mpowell@powelloffice.com
                                                          P: (316) 263-4921
                                                          F: (316) 263-0045
                                                          *Attorney for Plaintiffs*

Dated: Dec. 2, 2019